| | |
|---|---|
| **LORILLARD TOBACCO COMPANY**<br><br>and<br><br>**LORILLARD LICENSING COMPANY, L.L.C.**<br><br>Plaintiffs,<br><br>v.<br><br>**WILSON WHOLESALE & DISTRIBUTORS,**<br><br>and **JOHN DOES 1-10,**<br><br>Defendants. | No. 5:10-cv-480-FL |

## *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER GRANTING EXPEDITED DISCOVERY AND SEALING OF INITIAL FILINGS

Plaintiffs Lorillard Tobacco Company and Lorillard Licensing Company, L.L.C. (collectively "Lorillard") have moved *ex parte* against Defendant Wilson Wholesale & Distributors for a temporary restraining order under 15 U.S.C. § 1116(a) and Federal Rule of Civil Procedure 65, for a seizure order under and 15 U.S.C. § 1116(d), and for expedited discovery. Lorillard alleges that Defendant is marketing and selling an "herbal incense product" that mimics the properties of marijuana when smoked using a designation and trade dress that infringe and constitutes a counterfeit of Lorillard's registered trademarks associated with its NEWPORT brand of cigarettes.

The Court having reviewed Plaintiffs' Complaint, Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order, Seizure Order and Expedited Discovery (the "Motion"), the memorandum of law in support thereof (the "Memorandum"), Plaintiffs' Motion to Seal, the

memorandum of law in support thereof, and the declarations and exhibits attached thereto, and having heard Lorillard on this matter, the Court now finds:

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a);

2. Lorillard is likely to succeed in showing that Defendant has infringed, counterfeited and diluted the federally-registered trademarks NEWPORT (U.S. Reg. No. 1,108,876) and NEWPORT & Design (U.S. Reg. No. 1,191,816), and the federally-registered NEWPORT trade dress (U.S. Reg. Nos. 2,600,870, 1,178,413, 3,579,236, 3,836,509, 3,579,270, 3,601,464, 3,759,763 and 3,618,542) (collectively, "Lorillard's Marks") by the sale of the "herbal potpourri" products under the designation NEWPROT (the "NEWPROT Designation") and featuring the packaging shown below (the NEWPROT Packaging") (the "NEWPROT Products"):



3. Defendant's continued marketing, sale, offering for sale and distribution of the NEWPROT Products has caused, and, if unchecked, will continue to cause immediate and irreparable injury to Lorillard in the form of an incalculable loss of current and future goodwill developed by Lorillard in its NEWPORT brand;

4. Defendant is unlikely to suffer any appreciable harm by being enjoined from continuing to sell the NEWPROT Products. Furthermore, Defendant's copying of Lorillard's

Marks is readily apparent, and this Court therefore weighs this knowing copying against Defendant;

5. The public interest will be served by prohibiting Defendant from selling the NEWPROT Products because of the public's right not to be subjected to confusing and potentially misleading marks or names, as expressed in the Lanham Act;

6. As such, weighing the equities and considering Lorillard's likelihood of ultimate success, it is in the public interest to enter a temporary restraining order that, among other things, (a) bars Defendant from marketing, selling, offering for sale, or distributing the NEWPROT Products, or using or any other designation or trade dress that is similar to Lorillard's Marks and (b) prohibits the removal or destruction of relevant documents and tangible things;

7. Defendant has likely copied and counterfeited Lorillard's Marks for the purpose of marketing and selling a controversial product that is closely related to a Schedule I drug and that is the subject of current and contemplated state and local prohibitions and, as such Defendant, or persons acting in concert with Defendant, may destroy, move, hide, or otherwise make the goods and records sought by Lorillard inaccessible to this Court, if Lorillard were required proceed with notice to Defendant, thus frustrating the ultimate relief Lorillard seeks in this action;

8. There is good cause for Lorillard not to provide notice of this action and motion to Defendant;

9. Lorillard has given such notice of its application for a seizure order as is reasonable under the circumstances to the United States attorney for this judicial district;

10. It clearly appears from specific facts that: (a) an order other than an *ex parte* seizure order is not adequate to achieve the purposes of section 1114 of this title; (b) Lorillard

has not publicized the requested seizure; (c) Lorillard is likely to succeed in showing that Defendant, against whom seizure will be ordered, used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services; (d) an immediate and irreparable injury will occur if such seizure is not ordered; (e) the matter to be seized will be located at the places identified in the application; (f) the harm to Lorillard of denying the application outweighs the harm to the legitimate interests of the Defendant of granting the application; and (g) the Defendant, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if Lorillard were to proceed on notice to such person; and

11. There is good cause to permit Lorillard to take limited, immediate discovery of Defendant, and to enter Defendant's premises to photograph and document all evidence related to this case to ensure its preservation;

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

A. That Defendant, its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are TEMPORARILY RESTRAINED:

    i. from marketing, selling, offering to sell, or otherwise distributing any products using the NEWPROT Designation, the NEWPROT Packaging, or similar mark or trade dress, or any mark or trade dress that is confusingly similar to Lorillard's NEWPORT Marks or Trade Dress, other than genuine NEWPORT brand cigarettes;

    ii. from importing, shipping, delivery, distributing, holding for sale, returning, transferring, or otherwise moving or disposing of in any manner any NEWPROT Products;

iii. from destroying, erasing, mutilating, concealing, altering, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents (as that term is used in Rule 34 of the Federal Rules of Civil Procedure) or tangible things of any kind that relate to the marketing, sale, offering for sale, or distribution of any products using the NEWPROT Designation, the NEWPROT Packaging, or similar mark or trade dress, and any and all equipment needed to read any such document or thing; and

iv. from failing to create and maintain documents that, in reasonable detail, accurately, fairly and completely reflect Defendant's incomes, disbursements, transaction and use of money in relation to the marketing, sale, offering for sale, or distribution of products using the NEWPROT Designation, the NEWPROT Packaging or similar mark or trade dress;

v. from notifying any person, other than counsel, of the existence of this civil action or entry of this Order, until such time as the Court unseals this action; and

vi. from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (v);

B. No later than seven (7) days from the date of this Order, any United States Marshal, his or her deputy, or any other federal, state or local law enforcement officer accompanied by Lorillard's counsel and/or persons acting under its supervision, is hereby directed to seize and impound forthwith:

(1) All "herbal potpourri" and any other such goods or merchandise in Defendant's possession, custody or control, bearing or intended to bear any counterfeit, copy or substantially indistinguishable imitation of one of more of Lorillard's Marks;

(2) All means of making any counterfeits, copies, or substantially indistinguishable designations of or for any of Lorillard's Marks; and

(3) All records, including hard copies or computer files, documenting or reasonably appearing to document or relate to the manufacture, importation, purchase, sale, distribution or receipt of any merchandise bearing any of Lorillard's Marks (other than genuine products sold by Lorillard), or intended to bear any counterfeit, copy or substantially indistinguishable imitation of one of more of Lorillard's Marks, or other things involved in such violation; including all such merchandise or means of making such merchandise, and all such records and things in the possession, custody or control of Defendant Wilson Wholesale & Distributors, 115-A West Hines Street, Wilson, North Carolina 27893;

C.  That the United States Marshal or other law enforcement officer accomplishing such seizure may enter the premises of Defendant identified above and to inspect the contents of any vehicles, containers, desks, computers, or documents located on the premises where any such potentially counterfeit items may be stored;

D.  That only products bearing a counterfeit, copy or substantially indistinguishable imitation of one of more of Lorillard's Marks shall be seized and impounded pursuant to this Order; genuine Lorillard products shall not be seized;

E.  That any such products or means of making such products or records or things seized shall be appropriately packaged to permit identification, that Defendant shall be given receipts therefore, and such merchandise, records, or things shall be impounded in the custody or control

of Lorillard's counsel, as substitute custodian for the Court, pending further order of this Court, and shall be made available for inventory or inspection by any party or its counsel during normal business hours;

F.      That any record or document seized and impounded in the custody or control of Lorillard's counsel, as substitute custodian for the Court, shall be subject to a protective order whereby access thereto shall be initially restricted to Lorillard's outside and inside counsel and Defendant's and Defendant's counsel, who shall be permitted to inspect and copy such records. The originals of such records shall be copied and returned to Defendant as soon as possible, but in no event later than 72 hours after such seizure, and the copies of such records shall remain in custody of the Court and subject to the protective order limiting the access of such records to Lorillard's counsel and employees. Such protective order shall not expire unless otherwise ordered by the Court.

G.      That this Court shall hold a hearing, unless waived by all the parties, at **10:00 a.m. on November 18, 2010**, at the United States Courthouse in New Bern, North Carolina, at which Lorillard shall have the burden to prove that the facts supporting findings of fact and conclusions of law necessary to support such order are still in effect. If Lorillard fails to meet that burden, the seizure order shall be dissolved or modified appropriately.

H.      That good cause having been shown, deposition and written discovery may begin immediately, that Lorillard may serve the discovery requests attached to the Memorandum concurrently with service of the Complaint together with this Order, and that Defendant shall have five (5) calendar days from the date of service to respond to such requests;

I. That Lorillard may enter upon the premises of Defendant, so that Lorillard may inspect, photograph, or sample any NEWPROT Products, NEWPROT Packaging and to otherwise record all evidence related to the products at issue in this case;

J. That each Defendant shall make itself, including if appropriate by corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, for depositions to occur at the offices of Lorillard's counsel, such depositions to occur no later than ten days after entry of this order;

K. That this Order shall remain in effect for 14 days from the date of entry, unless within such time the Order, for good cause shown, is extended for an additional period not to exceed ten days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65;

L. That Lorillard shall post security in the form of a check in the amount of five hundred dollars ($500), determined in the Court's discretion to be adequate as of this date for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint, seizure or attempted seizure;

M. That service of a copy of this Order, the Complaint, the Motion, the Memorandum, and all supporting declarations, exhibits, shall be made upon Defendant consistent with 15 U.S.C. § 1116(d)(9) and the services of process requirements of the State of North Carolina, at the time of seizure. If Defendant is not present at the seizure from Defendant's premises, Lorillard shall, within three (3) court days after seizure, serve Defendant either personally or at its place of business or residence by leaving such document with a person of at least 18 years of age or by serving any agent of Defendant authorized to receive service of process;

N. That, upon receipt of notice of this Order by Defendant, its officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them who

receive actual notice of the order by personal service or otherwise, any act by any such person in violation of any of the terms of this Order may be considered and prosecuted as contempt of this Court; and

O.  That this action shall remain sealed by the Court until service on Defendant has been completed, at which the Clerk may remove the seal and secrecy order, and that Lorillard shall withhold publication of the instant Order, this action, and seizure, until Defendant have been served.

SO ORDERED, this the 5th day of November, 2010, at 3:30 p.m.

*[signature]*
UNITED STATES DISTRICT JUDGE

9
Case 5:10-cv-00480-FL   Document 15   Filed 11/05/10   Page 9 of 9